# EXHIBIT 1-A

Filed
5/9/2019 12:56 PM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVH000869D2

CAUSE NO: _____

| | | |
|---|---|---|
| MARIO ALBERTO AND GRACIELA, | § | IN THE DISTRICT COURT OF |
| CALVILLO, | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| DEFENDANT | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** MARIO ALBERTO AND GRACIELA CALVILLO, hereinafter called Plaintiffs, complaining of and about STATE FARM LLOYDS, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     MARIO ALBERTO AND GRACIELA CALVILLO, Plaintiffs affirmatively plead that they seek only monetary relief no more than $75,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiffs are individuals that own real property in Webb County, Texas.

3.     Defendant, STATE FARM LLOYDS is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

---

Mario A. and Graciela Calvillo – 1st Party Claim – SFL                    Page 1

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.

5.      This Court has jurisdiction over Defendant because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiffs' cause of action arose out of this Defendant's business activities in Texas.

6.      Venue in Webb County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in Webb County, Texas. Furthermore, venue is proper in Webb County, Texas because the insured property is in this county.

## FACTS

7.      Plaintiffs are the owners of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendant.

8.      Defendant sold and issued Plaintiffs the Policy insuring the property against damages caused by hail, windstorm and other covered perils.

9.      During the effective policy period, Plaintiffs owned real property with improvements located at 3317 Cortez Street, Laredo, Texas 78043, located in Webb County, Texas (hereinafter referred to as "the Property").

10.     During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

Mario A. and Graciela Calvillo – 1st Party Claim – SFL                    Page 2

11. Plaintiff duly notified Defendant of the damage sustained and asked that Defendant pay for the damages to the Property and other damages covered by the terms of the Policy.

12. Defendant then assigned Plaintiff Claim No. 53-0195-K29 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendant to perform a site inspection of the damages and evaluate and process the Claim.

13. Defendant improperly adjusted Plaintiffs' Claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' home, as well as the amount of insurance coverage for Plaintiffs' losses under the Policy. Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly. Defendant made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' home. Plaintiffs have been damages as a result of that reliance.

14. The inspection of Plaintiffs' Property on June 9, 2017 was brief, substandard and inadequate. The inspection report failed to include all the damages that were observed during the inspection and undervalued the damages and ultimately underpaid the Claim. Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages. Defendant's liability for the extension of further coverage and further payment was reasonably clear.

15. Plaintiffs were entitled to receive benefits that were covered by the insurance Policy. However, Defendant performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs losses on the Property. Defendant has delayed payment to Plaintiffs for necessary and covered Property damages under the Policy. To date, Defendant has yet to make a full payment on the Claim.

16. Plaintiffs were forced to hire their own representative to inspect and evaluate the obvious damages to the Property that Defendant deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain an attorney to prosecute the claim for insurance benefits to which they are entitled.

17. Plaintiffs' experience is not an isolated case. The wrongful acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regards to handling these types of claims. Defendant's entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

18. As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' Claim by:

a. Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;

b. Underpaying some of Plaintiffs Claim by not providing full coverage for damages sustained to the Property;

c. Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

d. Continuing to delay in the payment of damages to the Property, including the roof and interior.

19. Additionally, Defendant breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy. Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

20. Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

21. Defendant continues to delay in the payment of the damages to the Property despite Plaintiffs' request. Accordingly, Plaintiffs have not been paid in full for the damages to the Property.

22. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION

23. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### BREACH OF CONTRACT

24. Defendant had a contract of insurance with Plaintiffs. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiffs were damaged thereby.

25. Due to Defendant's breach of the contract terms and continual denial/underpayment of this Claim, Plaintiffs continue to sustain damages to their Property.

26. Defendant's breach proximately caused Plaintiff's injuries and damages.

27. Plaintiffs have been required by the actions of Defendant to retain the services of

undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

## UNFAIR SETTLEMENT PRACTICES or DECEPTIVE ACTS OR PARCTICES

28.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

29.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30.    Defendant is liable for its unfair and deceptive acts as defined by TEX. INS. CODE §541.002.

31.    Defendant violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim.   All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

32.    Defendant engaged in the following unfair settlement practices:

    a.    Pursuant to TEX. INS. CODE §541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

    b.    Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear.   Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiff under the Policy.

    c.    Pursuant to TEX. INS. CODE §541.060(a)(1), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for defendant's denial of the Claim or offer of a compromise settlement of the Claim. Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

    d.    Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

    e.    Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in unfair evaluation of the Damage to Plaintiff's Property.

33.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

34.    Specifically, Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

    1.    Defendant represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

    2.    Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

    3.    Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(1)(3) of the DTPA, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

35.    Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §541.152(a)-(b).

## MISREPESENTATION OF INSURANCE POLICY VIOLATIONS

36.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37.     Additionally, Defendant made misrepresentations about Plaintiffs' insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

38.     Defendant engaged in deceptive insurance practices by making an untrue statement of material fact in violation of §541.061(1). Specifically, Defendant misrepresented the true scope and amount of the Claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the Policy.

39.     Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATION

40.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41.     Plaintiffs' Claim is a claim under the insurance Policy issued by Defendant, of which Plaintiffs gave Defendant proper notice.  As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE §542.060.

42.     Specifically, Defendant violated the Prompt Payment of claims provisions of TEX. INS. CODE §542 by:

      a.     Failing to acknowledge receipt of Plaintiffs' Claim, commence investigation of the Claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which

constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055;

b.    Failing to notify Plaintiffs in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

c.    Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendant delayed full payment of the Claim and, to date, Plaintiffs still have not receive full payment on the Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DELIING/BAD FAITH

43.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

44.    Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs home was not apparent until after the loss made the basis of Plaintiffs' insurance Claim. It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

45.    As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

46.     Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

47.     The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) *(citing Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987)).   Therefore, insured can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

48.     Defendant and Plaintiffs are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendant to deal fairly and, in good faith with Plaintiffs, who are the insured.

49.     Defendant breached its duty of good faith and fair dealing by:

a.     Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

b.     Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

*Arnold,* 725 S.W.2d at 167.

50.     Defendant systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of Defendant with regard to handling of these types of claims.

51.     By virtue of its systematic wrongful denials, Defendant compels its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the policy by offering nothing or substantially less than the amount that will be recovered a suit brought by the insured.

52.     Defendant failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders.  Defendant is knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

53.     Defendant knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiffs are entitled to actual and exemplary damages at law.

## KNOWLEDGE

54.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

55.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## ECONOMIC / ACTUAL DAMAGES

56.     Plaintiffs sustained the following economic / actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)    Out-of-pocket expenses;

    (b)    Loss of the "benefit of the bargain."

    (c)    Diminished or reduced market value.

    (d)    Costs of repairs.

    (e)    Remedial costs and/or costs of completion.

    (f)    Reasonable and necessary engineering or consulting fees.

## DAMGES

57.    Plaintiffs would show that all of the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiffs.

58.    Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improperly handling of the Claim in violation if the laws set forth above.

59.    For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

60.    As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendant's knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE §541.152.

61.    Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and

reasonable and necessary attorneys' fees.

62.    For the breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.

63.    As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

64.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

**JURY DEMAND**

65.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

PERRY & SHIELDS LLP
2900 NORTH LOOP W., SUITE 850
HOUSTON, TX 77092
Tel: (713) 955-3102
Fax: (281) 715-3209

By: _____
Eddie Lane
State Bar No. 24067719
E-Service: elane@perryshields.com
opresas@perryshields.com

Attorneys for Plaintiffs

Mario A. and Graciela Calvillo – 1st Party Claim – SFL                    Page 14



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

May 10, 2019

CAUSE NO.: 2019CVH000869D2

STYLE: MARIO A CALVILLO; GRACIELA CALVILLO
VS
STATE FARM LLOYDS

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on 08/06/2019 at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court



**null / ALL**
**Transmittal Number: 19844152**
**Date Processed: 05/23/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Mario Alberto vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Webb County District Court, TX |
| **Case/Reference No:** | 2019CVH000669D2 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/22/2019 |
| **Answer or Appearance Due:** | 10:00 a.m. on the Monday next following the expiration of 20 days after served citation |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Eddie Lane<br>713-955-3102 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Delivered: 5/22/19

by: GC
SERVE
2019CVH000869D2

### CITATION
### PLAINTIFF'S ORIGINAL PETITION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS
     BY SERVING REGISTERED AGENT
     CORPORTION SERVICE COMPANY D/B/A CSC-LAWYERS
     INCORPORATING SERVICE
     211 E 7TH STREET, SUITE 620
     Austin TX  78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2019CVH000869D2, styled:

**MARIO A CALVILLO AND GRACIELA CALVILLO, PLAINTIFFS**
**VS.**
**STATE FARM LLOYDS, DEFENDANT**

Said Plaintiff's Petition was filed on 05/09/2019 in said court by:
     EDDIE LANE; EDDIE LANE, ATTORNEY FOR PLAINTIFF
     2900 NORTH LOOP W SUITE 850
     HOUSTON TX  77092

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 10th day of May, 2019.

### C L E R K   O F   C O U R T

CALENDAR CALL HEARING SET FOR
08/06/2019 @ 11:00AM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: *Sara Lopez*                              DEPUTY
    Sara Lopez

CTK: 5/22/19 e  12PM

# EXHIBIT 1-B

Filed
5/24/2019 10:42 AM
Esther Degollado
District Clerk
bb District
Aa Byham
2019CV H90869D2

RETURN
**2019CVH000869D2**

CITATION
PLAINTIFF'S ORIGINAL PETITION

53550-1

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN
ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH
THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT
FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  STATE FARM LLOYDS
     BY SERVING REGISTERED AGENT
     CORPORTION SERVICE COMPANY D/B/A CSC-LAWYERS
     INCORPORATING SERVICE
     211 E 7TH STREET, SUITE 620
     Austin TX  78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE
HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court of Webb
County, Texas, to be held at the said courthouse of said county in the
city of Laredo, Webb County, Texas, by filing a written answer to the
Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday
next after the expiration of 20 days after the date of service
thereof, a copy of which accompanies this citation, in the Cause #:
2019CVH000869D2, styled:
     **MARIO A CALVILLO AND GRACIELA CALVILLO, PLAINTIFFS**
                        VS.
              **STATE FARM LLOYDS, DEFENDANT**
Said Plaintiff's Petition was filed on 05/09/2019 in said court by:
     **EDDIE LANE; EDDIE LANE, ATTORNEY FOR PLAINTIFF**
     **2900 NORTH LOOP W SUITE 850**
     **HOUSTON TX  77092**

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued
and given under my hand and seal of said court at office, on this the
10th day of May, 2019.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

CALENDAR CALL HEARING SET FOR
08/06/2019 @ 11:00AM

BY                                    DEPUTY
    Sara López

CTM · 5/22/19 @ 12PM

IN THE 111TH JUDICIAL DISTRICT
WEBB COUNTY, TEXAS

<u>CAUSE NO: 2019CVH000869D2</u>

MARIO A. CALVILLO, ET AL
VS
STATE FARM LLOYDS

# RETURN

Came to my hand: __5/22/2019__ , at __12:00__ o'clock __P.M.__ , the following specified documents:

- Citation
- Plaintiff's Original Petition
- Jury Demand
- Civil Case - Calendar Call Settings

and executed by me on: __5|22|2019__ , at __3:15__ o'clock __P.M.__ , at

<u>211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS,</u> by delivering to <u>STATE FARM LLOYDS</u>, by delivering to its registered agent, <u>CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY,</u> by delivering to __ADAM WAYS__ , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: _George L Castillo: PSC1440_
Expiration Date: __8 | 31 | 2020__

STATE OF TEXAS   }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the _22nd_ day of _May_ _2019_.

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733570

Notary Public

# EXHIBIT 1-C

Filed
6/10/2019 5:53 PM
Esther Degollado
District Clerk
Webb District
Ana Byham
2019CVH000869D2

## CAUSE NO. 2019CVH000869D2

| | | |
|---|---|---|
| MARIO ALBERTO CALVILLO AND<br>GRACIELA CALVILLO | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 111ᵀᴴ JUDICIAL DISTRICT |
| STATE FARM LLOYDS | §<br>§ | WEBB COUNTY, TEXAS |

---

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **STATE FARM LLOYDS**, Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiffs' Original Petition, and in support thereof would respectfully show this Honorable Court the following:

### I.
### GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition, and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.
### DENIALS AND AFFIRMATIVE DEFENSES

2.      Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Specifically, Plaintiffs sent State Farm a letter dated October 18, 2018 that failed to comply with Section 542A.003(b) because (1) Plaintiffs failed to provide State Farm sufficient notice of the specific facts that give rise to Plaintiffs' complaint instead

reciting general violations as set out by the Texas Insurance Code, and (2) Plaintiffs also failed to provide the hourly rate and number of hours used to calculate incurred attorney's fees.  Plaintiffs state they have incurred $3,000 in attorney's fees but failed to provide the hourly rate or number of hours used to calculate the amount of reasonable and necessary attorney's fees incurred, as required by TEX. INS. CODE §542A.003.

3.      State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

4.      Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding attorney's fees and their method of calculation, as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court.

5.      Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

6.      Defendant denies Plaintiffs have performed the conditions precedent to bringing suit.

7.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

8.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated the Texas Deceptive Trade Practices Act ("DTPA") as alleged by Plaintiffs.

9.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it knowingly violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

10.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it intentionally violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiffs.

11.      State Farm specifically denies that it has breached the policy of insurance issued to Plaintiffs in any respect.

12.      State Farm specifically denies that Plaintiffs sustained a loss covered under her policy of insurance.

13.      State Farm specifically denies that it has breached the duty of good faith and fair dealing in any respect.

14. State Farm specifically denies that any misrepresentations were made regarding the facts or policy provisions relating to coverage under the policy issued by State Farm to Plaintiffs.

15.      State Farm specifically denies that it made any actionable misrepresentation to Plaintiffs.

16.      State Farm specifically denies that it knowingly and intentionally violated the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

17.      State Farm asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of State Farm.

18.      Because Plaintiffs failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract.

19.      Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following:  Plaintiffs' failed to promptly notify

Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of their alleged damages that are covered from the portion that is not covered.

20.     State Farm asserts Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs in connection with the complained-of transaction was caused by Plaintiffs' failure to mitigate their damages.

21.     Plaintiffs' causes of action also fail because there exists a *bona fide* and legitimate dispute between State Farm and Plaintiffs with regard to the legal construction of certain policy provisions and exclusions and the nature, extent and cause of damages.

22.     State Farm specifically denies that liability was reasonably clear.

23.     Defendant further pleads that Plaintiffs are unable to establish by clear and convincing evidence that Defendant acted with malice; therefore, under Section 41.001(7) of the Texas Civil Practices and Remedies Code, Plaintiffs are not entitled to exemplary and/or punitive damages.  See, e.g., *Smith v. O'Donnell*, 288 S.W. 3d 417, 423-424 (Tex. 2009); see also *Dillard Department Stores, Inc. v. Silva*, 148 S.W. 3d 370, 373-374 (Tex. 2004); *Universal Services Co. v. Ung*, 904 S.W. 2d 638, 640-641 (Tex. 1995).

24.     Further, to any extent Plaintiffs seek any recovery of exemplary and/or punitive damages in this action, the same violates Article I, § 13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates the rights of Defendant to substantive and procedural due process as provided in Article 1, § 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. See *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 433-434 (2001); see also *BMW Corp. of N. America, Inc. v. Gore*, 517 U.S. 559, 562 (1996). Moreover, as a matter of state and federal constitutional law and sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of the evidence. Cf. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (2014)

(clear and convincing evidentiary standard).

25.    To the extent Plaintiffs pray for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

26.    With respect to Plaintiffs' claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

27.    Plaintiffs' claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiffs did not provide a written notice of claim reasonably apprising Defendant of the facts relating to the claim.

28.    Plaintiff attempts to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiff has failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit.  See TEX. INS. CODE §541.154(a) and §542A.003. Plaintiff has failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

29.    Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an

occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

30.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' applicable deductible(s).

31.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has previously made to or on behalf of Plaintiffs under the policy insuring this property for the same damages claimed in this suit.

32.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments Defendant State Farm has made to or on behalf of Plaintiffs under the policy at issue in this lawsuit, arising from the claim made the basis of this lawsuit.

33.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

34.     Plaintiffs' claim is barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, or latest live pleading, none being admitted, were proximately caused in whole or in part by non-covered losses and/or events and/or at non covered losses by the terms and exclusions of the policy.

35.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to the following:

### SECTION I- LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

* * *

g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

* * *

3.      We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss of any other cause of the loss:

b.      defect, weakness, inadequacy, fault or unsoundness in:
(2) design, specifications, workmanship, construction, grading, compaction;
(3) materials used in construction or repair; or
(4) maintenance;

c.      weather conditions.

36.      Additionally, the Policy provides that actual repair or replacement of the damaged property is a condition precedent to payment of the claim at replacement cost value. Plaintiffs have failed to make actual repairs or replacement of the damaged property, thus they are only entitled to recover the actual cash value at the time of loss for the damaged property.  The Policy states as follows:

### SECTION I – LOSS SETTLEMENT

* * * * *

1.      **A1 – Replacement Cost Loss Settlement – Similar Construction.**

a.      We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damages part of the property;
(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or

replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage.**

b. Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

37.     Plaintiffs' causes of action fail because Plaintiffs' damages occurred prior to the inception of the policy period at issue in this suit. Pursuant to the following provision of the policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect:

### SECTION I AND SECTION II - CONDITIONS

a. Policy Period. This policy applies only to loss under Section I … which occurs during the period this policy is in effect.

38.     Defendant asserts Plaintiffs failed to comply with their Duties After Loss in that they failed to give immediate notice of a loss, to the extent they allege property damage not previously reported.

39.     A bona fide/legitimate dispute exists precluding Plaintiffs from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, or under any other statutory or common law authority.

40.     Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. See *Standard Fire Insurance Co. v. Fraiman*, 588 S.W. 2d 681, 683 (Tex. Civ. App. – Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Gross v. Connecticut General Life Insurance Co.*, 390 S.W. 2d 388, 390 (Tex. Civ. App. – El Paso 1965, no writ); see also *Universe Life Insurance Co. v. Giles*, 950 S.W. 2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

41.     Plaintiffs are precluded from recovering any attorney fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith …. If a claimant demands monies to which they [sic] are not entitled, that demand is unreasonable and consequently excessive." See *Wayne v. A.V.A. Vending, Inc.*, 52 S.W. 3d 412, 418 (Tex. App. – Corpus Christi 2001, pet. denied) (citing *Findlay v. Cave*, 611 S.W. 2d 57, 58 [Tex. 1981] and *Ingham v. Harrison*, 148 Tex. 380, 385-386, 224 S.W. 2d 1019, 1022 [1949]).m

42.      Defendant also asserts the Suit Against Us provision of the policy which precludes Plaintiffs' suit against Defendant unless there has been compliance with the policy provisions and the action is brought within 2 years and one day after the cause of action accrues.

43.     Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiffs would result in unjust enrichment.

44.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiff, persons acting on Plaintiffs' behalf, or third parties for whom Defendants are not legally responsible.

45.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs allege or otherwise seeks to invoke the doctrines of waiver or estoppel in this action. The doctrines of waiver and estoppel cannot be used to change, re-write or otherwise enlarge the risks covered by an insurance policy, and may not be used to establish coverage for risks expressly excluded from the insurance policy. See, e.g., *Minnesota Mutual Life Insurance Co. v. Morse*, 487 S.W. 2d 317, 319 (Tex. 1972); *Washington National Insurance Co. v. Craddock*, 130 Tex. 251, 254-255, 109 S.W. 2d 165, 166-167 (1937); *Great American Reserve Insurance Co. v. Mitchell*, 335 S.W. 2d 707, 708 (Tex. Civ. App. – San Antonio 1960, writ ref'd n.r.e.).

46.     In the alternative, and to the extent, if any, that other persons or entities caused any of the damages supposedly sustained by Plaintiffs, then State Farm Lloyds was and is subrogated to

Plaintiffs' claims against and entitled to reimbursement from all such other persons or entities by virtue of the payment or payments made or to be made by State Farm Lloyds incident to Plaintiffs' insurance claim.

47.     Defendant demands a trial by jury.

## III.
## REQUESTS FOR DISCLOSURES

Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiffs disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## IV.
## TRCP 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiffs in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiffs in any pretrial proceeding or trial of this case.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS**, requests judgment of the Court that Plaintiffs take nothing by this suit, and, that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10th, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Eddie Lane
PERRY & SHIELDS, LLP
2900 North Loop W., Suite 850
Houston, Texas 77092
T: (713) 955-3102
F: (281) 715-3209
elane@perryshields.com
opresas@perryshields.coom
*Attorney for Plaintiffs*

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

# EXHIBIT 1-D



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

May 10, 2019

CAUSE NO.:   2019CVH000869D2

STYLE:   MARIO A CALVILLO; GRACIELA CALVILLO
VS
STATE FARM LLOYDS

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on 08/06/2019 at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

# EXHIBIT 1-E

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019CVH000869D2

| | | | |
|---|---|---|---|
| MARIO CALVILLO,GRACIELA CALVILLO VS. STATE FARM LLOYDS | § <br> § <br> § <br> § <br> § | Case Type: | **Contract - Consumer/Commercial/Debt (DC)** |
| | | Date Filed: | **05/09/2019** |
| | | Location: | **--111th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **STATE FARM LLOYDS** | **ELIZABETH SANDOVAL CANTU** <br> *Retained* <br> 956-294-4800(W) |
| Plaintiff | **CALVILLO, GRACIELA** | **EDDIE LANE** <br> *Retained* <br> 713-955-3102(W) |
| Plaintiff | **CALVILLO, MARIO A** | **EDDIE LANE** <br> *Retained* <br> 713-955-3102(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 05/09/2019 | **Civil Case Filed (OCA)** | | |
| 05/09/2019 | **Original Petition** | | |
| | *PLAINTIFFS ORIGINAL PETITION* | | |
| 05/10/2019 | **Calendar Call** | | |
| | *CALENDAR CALL FAXED TO ATTORNEY.* | | |
| 05/10/2019 | **Citation-Issuance** | | |
| | *TWO CITATIONS ISSUED AS TO STATE FARM LLOYDS, PLACED IN PRIVATE SERVER BASKET.* | | |
| 05/10/2019 | **Citation** | | |
| | STATE FARM LLOYDS | Served | 05/22/2019 |
| | | Returned | 05/24/2019 |
| 05/24/2019 | **Citation Return-Executed** | | |
| | *CITATION RETURNED EXECUTED AS TO STATE FARM LLOYDS DATE OF SERVICE: 05/22/19* | | |
| 06/10/2019 | **Answer-Defendant** | | |
| | *DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE* | | |
| 08/06/2019 | **Calendar Call**  (11:00 AM) (Judicial Officer Notzon, Monica Z.) | | |